IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY RUSSELL, Husband; and DEBBY VALDES RUSSELL, Wife;<br><br>**Plaintiffs,**<br><br>vs.<br><br>C.R. ENGLAND, INC., a Utah corporation; KEVIN C. SIMS, and OUT WEST EXPRESS, LLC, a Texas limited liability corporation;<br><br>**Defendants.** | 7:23CV5001<br><br>**ORDER** |

    This matter is before the Court on Defendants' Motion to Change Place of Trial (Filing No. 21). Defendants ask that the Court move the place of trial from Plaintiffs' selected location in North Platte, Nebraska, to Omaha, Nebraska. Plaintiffs oppose the motion. (Filing No. 25). After review, the Court will deny the motion without prejudice to reassertion after further case progression.

    In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys," NECivR 40.1(b)(1), "with the convenience of the litigants and witnesses generally afforded greater weight than the convenience of counsel," *Sands v. Integrated Cardiology Grp., L.L.C.*, No. 8:22CV72, 2022 WL 1156358, at *1 (D. Neb. Apr. 19, 2022) (citing *Bank of Beaver City v. Southwest Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 116863, at *1 (D. Neb. Jan. 13, 2011)). The party seeking to change the place of trial bears the burden of establishing that the place of trial should be moved. See *Withers v. Ryder Truck Rental, Inc.*, No. 7:20CV5001, 2020 WL 2542576, at *1 (D. Neb. May 19, 2020). The place of trial should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

    Defendants assert trial would be more convenient in Omaha because, based upon the allegations of citizenship in the Complaint, all litigants reside outside of Nebraska and would likely need to travel to Nebraska by flight, thereby making Omaha "the obvious location for trial."

Defendants also point out that defense counsel and the assigned judges to this case are located in Omaha.  ([Filing No. 21](#)).

Plaintiffs oppose changing the place of trial because the events underlying this action occurred in Ogallala, Nebraska.  The motor vehicle accident for which Plaintiffs seek damages took place in Ogallala.  The investigating officer (and therefore a potential witness) of the motor vehicle accident is an officer with the Ogallala Police Department.  After the motor vehicle accident, Plaintiff Tommy Russell was taken to the Ogallala Community Hospital, where health care providers (more potential witnesses) evaluated him.  Plaintiffs assert these Ogallala witnesses will not have to drive nearly as far if trial was held in North Platte than Omaha, and therefore North Platte will be more convenient for potential witnesses.  Plaintiffs' counsel also avers that United Airlines provides air service to North Platte from Denver International Airport.  Additionally, Plaintiffs' counsel is located in Scottsbluff, Nebraska, which is a 7-hour drive from Omaha, a significantly longer drive than the 178 miles between Scottsbluff and North Platte.  Plaintiffs note that everyone will have to travel for trial in this case except defense counsel (and the Court) if the place of trial is moved to Omaha, suggesting that the request for an Omaha trial is more for the convenience of defense counsel.  ([Filing No. 25-1](#)).

After review, the Court finds it is premature to change the place of trial from Plaintiffs' requested location in North Platte.[1]  The deadline for the parties to make mandatory initial disclosures is not until October 20, 2023, and the parties have not yet prepared their Rule 26(f) Report, which is also not due until October 20, 2023.  True, the allegations in the Complaint make it more likely that North Platte will be more convenient for some potential fact witnesses located in Ogallala, but the identities of other fact and expert witnesses are not yet known.  The Court finds it more prudent to defer finalizing the place of trial until after the case progresses, written discovery commences, and witnesses are identified.

---

[1] The Court recognizes this district's local rules required Defendants to file their request for an Omaha trial as a motion at the same time they filed their answer.  See NECivR. 40.1(b) ("Each defendant . . . at the time of filing that defendant's first pleading in a civil action . . . may file a written request for trial at Omaha, Lincoln, or North Platte. A request for a place different from that requested by the plaintiff . . . must be filed as a motion.").  However, this Court has also recognized that the balance of factors set forth in NECivR. 40.1(b)(1) often cannot be fully and appropriately weighed until after further case progression. See, e.g., *Addison Insurance Company v. The Pink Palace, LLC, et al.,* Case No. 8:17cv371 at ECF Filing No. 17 (D. Neb. September 21, 2016) (denying as premature defendant's motion filed the same date as the answer); *Eckhardt v. Five Star Quality Care-NE, LLC*, Case. No. 8:16cv533 at ECF [Filing No. 10](#) (D. Neb. December 22, 2016) (denying as premature motion filed 14-days after removal); *Doe v. Schools District No. 32 et al.*, Case No. 4:17cv5010 at ECF Filing No. 17 (D. Neb. December 26, 2017) (denying motion "without prejudice to reassertion following the completion of some discovery").

Additionally, Defendants also offered no actual evidence or an affidavit in support of their motion—they simply refer to the Complaint to point out the state where each litigant is located and assert Omaha is the "obvious" location for the convenience of out of state travelers. Further, there is no showing that this case has any connection to Omaha, other than defense counsel is located in Omaha, which is afforded less weight in the balancing of factors. See *KCAS, LLC v. Nash Finch Co.*, No. 8:17CV439, 2018 WL 279356, at *2 (D. Neb. Jan. 3, 2018) ("More importantly, there is no showing that this case has any connection at all to Omaha, other than defense counsel is located in Omaha. This does not justify holding trial in Omaha, particularly because 'the convenience of counsel is afforded less weight than the convenience of the parties and witnesses when deciding a motion to change the trial location.'"). Thus, on the current record before the Court, it cannot say that the movant has made a "clear showing" that the balance of interests weighs in favor of moving trial to Omaha. See *Miller v. Union Pac. R.R. Co.*, No. 8:18CV568, 2020 WL 791043, at *2 (D. Neb. Feb. 18, 2020) (citing *Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, at *2 (D. Neb. Mar. 10, 2008) ("The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.")). But, that is not to say that as the case develops and witnesses are identified, Defendants may not later be able to make a "clear showing" that the balance of factors favors moving the place trial. Accordingly,

**IT IS ORDERED**: Defendants' Motion to Change Place of Trial (Filing No. 21) is denied without prejudice to reassertion after further case progression.

Dated this 4th day of October, 2023.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge