IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY RUSSELL and DEBBY VALDES RUSSELL, <br><br> Plaintiffs, <br><br> vs. <br><br> C. R. ENGLAND, INC., a Utah corporation, KEVIN C. SIMS, and OUT WEST EXPRESS LLC, a Texas limited liability corporation, <br><br> Defendants. | NO. 7:23-CV-5001 <br><br><br> **MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |

## I. Introduction

Plaintiffs Tommy and Debby Valdes Russell, husband and wife, brought this claim to recover damages for negligence and loss of consortium due to the alleged negligence of defendants C. R. England, Inc. (CREI) and its employee, Kevin Sims, which resulted in an automobile accident that injured Plaintiff Tommy Russell. Filing 1 at 14-19. Plaintiffs also included as a defendant Out West Express LLC, plaintiff Tommy Russell's employer at the time of the accident. Filing 1 at 2 (¶ 3). Plaintiffs included Out West Express in its complaint because they did "not concede that Out West Express LLC or its occupational health plan has any right of subrogation or an interest in this case (as no benefits were paid pursuant to the Nebraska Workers Compensation Act)," and explained that "in an exercise of caution, Out West Express is included and given notice of this matter." Filing 1 at 2 (¶ 3). The matter presently before the Court concerns Plaintiffs' motion to voluntarily dismiss defendant Out West Express with prejudice. Filing 28.

1

## II. Voluntary Dismissal Analysis

Voluntary dismissal of actions is governed by Rule 41(a), which allows for voluntarily dismissal by the plaintiff or by court order. Voluntary dismissal by the plaintiff under Rule 41(a)(1) is appropriate when the plaintiff has filed either "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In the present case, defendant Out West Express has filed an answer, Filing 16, and Plaintiff has not submitted a "stipulation of dismissal signed by all parties who have appeared." *Id.* Therefore, if dismissal is appropriate, it must be by court order under Rule 41(a)(2).

Voluntary dismissal by court order under Rule 41(a)(2) is appropriate only "on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). The Court notes that defendant Out West Express has not pleaded a counterclaim, *see* Filing 16, or in any way objected to its dismissal. To the contrary, defendant Out West Express filed a disclaimer that "hereby disclaims any interest in and to the issues raised in the Complaint in the above-referenced matter and affirmatively asserts it does not seek to impose any work-related type of subrogation interest as expressed as a concern of the Plaintiffs in this action." Filing 26. Thus, the Court must consider whether Plaintiffs' voluntary dismissal of defendant Out West Express would be "on terms that the court considers proper."

The Eighth Circuit has stated that the "district court is obligated to 'address the plaintiff's purported reason for the voluntary motion to dismiss' and determine whether the stated purpose is proper." *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1028 (8th Cir. 2022) (quoting *Blaes v. Johnson*

*& Johnson*, 858 F.3d 508, 514-15 (8th Cir. 2017)). Factors to consider in determining the properness of the stated purpose include "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Id.* (citations omitted). "Failure to explain why voluntary dismissal is being sought and to advise what claims may be filed in a new action often justifies denying a motion to dismiss without prejudice." *Id.* (citations omitted).

Here, Plaintiffs' stated purpose for voluntarily dismissing defendant Out West Express is because Plaintiffs are no longer concerned that defendant Out West Express will assert "any right of subrogation or an interest in this case," Filing 1 at 2 (¶ 2), due to defendant Out West Express's disclaimer of "any interest in and to the issues raised in the Complaint in the above-referenced matter and affirmative[ ] assert[ion] it does not seek to impose any work-related type of subrogation interest as expressed as a concern of the Plaintiffs in this action." Filing 26. This is plainly a proper reason for voluntary dismissal, as it would not "result in a waste of judicial time and effort" or "prejudice the defendants." *Tillman*, 33 F.4th at 1028.

### III. CONCLUSION

For these reasons, Plaintiffs' voluntary dismissal of defendant Out West Express is proper. CREI and Sims remain as defendants in this action. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 28, is granted.

Dated this 22nd day of November, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

3